The action was originally commenced, by the present plaintiffs, together with one James Chace, against the present defendant and one Nathaniel Lyon, upon whom the writ was not served; and the action was prosecuted against Maxwell only. The declaration was as follows, viz., Nathaniel Lyon, card-maker, and Level Maxwell, merchant, both of Warren, in the county of Bristol, and state of Rhode Island and Providence Plantations, were attached to answer to Jamas Chace, Barzillai Walker, and Daniel Eddy, all of Somerset, in thi county of Bristol, in the commonwealth of Massachusetts, merchants, late traders, trading under the firm of James Chace *80 Co., in a plea of the case, for that the said N. L. and L. M., at said Warren, to wit, at Taunton, in the county of Bristol, last aforesaid, on the 11th day of April, 1798, by their promissory note, in writing, of that date, by them subscribed, the said N. L. as principal, and the said L. M. as surety, promised the plaintiffs, who were then traders in company, to pay them, by the name and addition of James Chace Co., thirty-five dozen of wool-cards, by the 11th day of April, which should be in the year of our Lord seventeen hundred and eighty, (meaning and intending the 11th day of April, 1800,) it [ * 105 ] being for value received. Now, the plaintiffs aver * that the said wool-cards, on the said 11th day of April, 1800, at said Somerset, were of the value of six dollars, for each and every dozen, amounting in the whole to the sum of 210 dollars, which said wool-cards the plaintiffs were then and there ready to have received; and of all which the said N. L. and L. M. then and there had notice ; yet though often requested, the said N. L. and L. M. have not nor had either of them paid or delivered said wool-cards, nor the value thereof, but neglect it; to the damage, &c.
Plea in bar.—And the said Level Maxwell comes and defends when, &c., and says that the plaintiffs their action aforesaid in manner aforesaid against him ought not to have and maintain, because he says, that after the time of making and signing the note or memorandum set forth in the plaintiffs’ declaration, an action was brought and prosecuted by Ebenezer Cole, of Warren, in the county of Bristol, in the state of Rhode Island and Providence Plantations, mariner, at the Court of Common Pleas begun and holden at Bristol, within and for the county of Bristol, in the said state of Rhode Island and Providence Plantations, on the first Monday of June, in the year of our Lord 1802, against the said James Chace, one of the plaintiffs in this action, by the name and addition of James Chace of Somerset, in the county of Bristol, in the commonwealth of Massachusetts, merchant, wherein the said Ebenezer Cole declared against the said James Chace, in the words following, to wit, “ Bristol, ss. Court of Common Pleas, June Term, A. D. 1802. Ebenezer Cole, of Warren, in said county of Bristol, mariner, complains of James Chace, of Somerset, in the county of Bristol and commonwealth of Massachusetts, merchant, in the custody of the sheriff, in an action of the case, for that the said James [ * 106 ] at Providence, viz., at said Bristol, on the eighth #day of October, A. D. 1799, by his note of hand of that date, by him signed, for value received, promised one Samuel Ames to pay him or order the sum of one hundred and twenty-eight dollars and seventy-two cents in six months, with interest after three months *81 then next ensuing the date of said note ; and the said Ames thereafterwards, on the third day of December, A. D. 1801, by his endorsement on the back of said note, ordered the contents thereof to be paid one Level Maxwell, on demand, for value received of him ; and afterwards, on the sixteenth day of Jan. A. D. 1802, the said Level Maxwell, by his endorsement on the back of said note, ordered the contents thereof to be paid to the plaintiff on demand, for value received of him ; of both which endorsements the said James thereafterwards on the same day had due notice, and thereupon became liable to pay the contents of said note to the. plaintiff on demand, and in consideration of the premises promised the plaintiff to pay him the same accordingly ; yet, though often requested, the said James has not paid the said sum, nor the interest thereof, but neglects so to do, to the plaintiff’s damage three hundred dollars, as laid in his writ, dated the sixteenth day of January, A. D. 1802, and therefore he sues by his attorney, David L. Barnes.”
And the said Maxwell further says, that the said Ebenezer Cole, pursuant to the statute of the state of Rhode Island and, Providence Plantations, in such case made and provided, endorsed on the back of the original writ in the same action the words following, viz., “ To the sheriff charged with the service of this writ; for the want of the body or visible estate of the within-named James Chace, to be by you found in your precinct whereon to make service of this writ, * serve Nathaniel Lyon, card-maker, and Level [ * 107 ] Maxwell, merchant, both of Warren, in our said county of Bristol, with copies hereof, for the purpose of attaching the personal estate of the said James in their hands; David L. Barnes, plaintiff’s attorney.” And thereupon, in pursuance of the statute aforesaid, on the twentieth day of January, in the year of our Lord one thousand eight hundred and two, at eleven o’clock in the forenoon, S. K., who was then a deputy sheriff in the same county of Bristol, and who was charged with the service of the same writ, duly and legally served the said Nathaniel Lyon and Level Maxwell with copies thereof, and made his return thereon in the words following, viz., “ Bristol, ss. at Warren, January 20th, 1802, at eleven o’clock in the forenoon, for want of the body of the within-named James Chace or his estate to be by me found, I then served the aforesaid Nathaniel Lyon and Level Maxwell, as directed, with copies of this writ and orders, for the purpose mentioned in my orders, according to law, pr. Shubael Kinnecut, D. Sheriff.”—And at the same Court of Common Pleas, holden as last aforesaid, the same action was duly entered, and the said Nathaniel Lyon and Level Maxwell, pursuant to the statute aforesaid, appeared and submitted themselves to an examination on oath, before the same court, in the same cause. *82 and then and there in that form disclosed and confessed, that, when they were served with a copy of the same writ, they were indebted to the said James Chace in thirty-five dozen of wool-cards, for which they had given their note to James Chace & Co., dated the eleventh day of April, A. D. 1798, payable- on the eleventh day of April, 1800, which cards, at the time of the delivery prescribed by said contract, were, in the judgment of said deponents, worth four dollars per dozen ; that otherwise than as aforesaid they were [ * 108 ] *not directly nor indirectly indebted to the said James Chace at the time of the service of said copy. And the said Nathaniel Lyon, on the examination aforesaid, further stated that the note aforesaid, according to the best of his recollection, was in the words and figures following, to wit: “ Warren, April 11 th, 1798. I, Nathaniel Lyon as principal, and Level Maxwell as surety, promise to pay unto James Chace & Co. thirty-five dozen of wool-cards by the 11th day of April, 1800, it being for value received by said Lyon. Witness our hands, Nathaniel Lyon, Level Maxwell.” “ And the said Nathaniel Lyon, on the same examination, further said that before the said note or memorandum was made, Wallcer and Eddy, who had belonged to the firm of James Chace Of Co., informed him that the partnership was dissolved And at the same Court of Common Pleas, the said James Chace was called to make answer to the said Ebenezer Cole on his action aforesaid, but did not appear to answer theréto, but made default; whereupon judgment was rendered by the same court that the said Ebenezer Cole should recover against the said James Chace the sum of $ 147 38 cents debt, and his costs of suit taxed at $5 55 cents ; all which, by the record of the process and judgment aforesaid in the same Court of Common Pleas remaining, an authenticated copy whereof is here in Court produced, fully appears ; which judgment yet remains in full force, unreversed or in any manner annulled, and without being in any way satisfied by the said James Chace. And the said Level Maxwell further says, that, in pursuance of the statute aforesaid, the said Ebenezer Cole commenced and prosecuted to the Court of Common Pleas, bolden at Bristol, within and for the county of Bristol, in the state of Rhode Island and Providence Plantations, on the second Monday [ * 109 ] of January, in the year of our Lord one thousand * eight hundred and three, an action of the case against the said Nathaniel Lyon and Level Maxwell, in which action he, the said Ebenezer, declared in the words following, to wit:
“ Bristol, ss. To the honorable Court of Common Pleas to be holden at Bristol, in and for the county of Bristol, on the second Monday in January, A. D. 1803. Ebenezer Cole, of Warren, in the county of Bristol, merchant, complains of Level Maxwell, merchant, *83 and Nathaniel Lyon, card-maker, both of Warren, in the county aforesaid, in the custody of the sheriff, in an action of the case, for that the said Ebenezer Cole, on the sixteenth day of January, A. D. 1802, at Warren aforesaid, purchased, from the office of the clerk of our aforesaid court, a writ against one James Chace, of Somerset, in the commonwealth of Massachusetts, for the recovery of money due from the said James to the said Ebenezer by promissory note, which writ was directed to the sheriff of the said county of Bristol; and the said Ebenezer, upon the back of the same writ, did direct the said sheriff, for want of the body or visible personal estate of the said James, to serve the said writ by leaving copies with the said Level Maxwell and the said Nathaniel Lyon for attaching the personal estate of said James in their hands agreeable to law. And the said sheriff afterwards, to wit, on the twentieth day of January, A. D. 1802, at Warren aforesaid, for want of the body or visible personal estate of the said James, did cause the said Level and Nathaniel to be served with copies of the aforesaid writ for attaching the property of the said James in their hands; and the said sheriff afterwards, to wit, on the first Monday of June, A. D. 1802, caused the said writ tobe returned to the aforesaid Court of Common Pleas. Now the plaintiff furthermore in’* fact avers [ * 110 ] that at said Court of Common Pleas, holden on the said first Monday in June, the said Nathaniel and Level appeared before the said court, and made oath that at the time of the service of the said copies of the writ aforesaid, they were indebted to the said James Chace in thirty-five dozen of wool-cards, for which they had given their promissory note to the said James Chace, dated the 11th day of April, A. D. 1798, payable on the 11th day of April, A. D. 1800. And the plaintiff, afterwards on the same day and year aforesaid, at Bristol aforesaid, by the consideration of the justices of the said court, recovered judgment of the same court, in his action aforesaid, against the said James Chace, for the sum of one hundred and forty-seven dollars and thirty-eight cents debt, and his costs taxed at five dollars and fifty-five cents ; which judgment remains in full force and wholly unsatisfied ; all which, by the records of the same court here remaining, will appear; of all which the said Level and Nathaniel afterwards, to wit, on the same day and year last afore said, at Bristol aforesaid, had notice; whereby the defendants in law became liable and chargeable to pay and satisfy to the plaintiff the value of the said wool-cards attached in their hands as aforesaid ; and the plaintiff in fact further avers that the said wool-cards were then and there well worth four dollars per dozen, of which the defendants after-wards, on the same day and year aforesaid, at Bristol aforesaid, had notice : in consideration of the premises, the defendants afterwards. *84 viz., on the same day and year last aforesaid, at Bristol aforesaid, assumed upon themselves, and promised to pay to the plaintiff, the said last-mentioned sum, being the value of the said wool-cards, on request. Yet the defendants, though often requested, [ # 111 ] have not paid the said *sum, or any part thereof, to the plaintiff, but wholly neglected so to do; to his damage five hundred dollars, as laid in his writ, dated the eighteenth day of December, A. D. 1802; and* hereon he sues by B. Bourne, his attorney.” And at the same Court of Common Pleas, holden as last aforesaid, the said Nathaniel Lyon and Level Maxwell were called to make answer to the said Ebenezer on the same action last aforesaid mentioned, but did not, nor did either of them, appear to answer thereto, but made default; whereupon judgment was rendered by the same court that the said Ebenezer Cole should recover against the said Nathaniel Lyon and Level Maxwell the sum of one hundred and fifty-two dollars and ninety cents debt, and his costs of suit taxed at five dollars and thirty-one cents ; all which, by the record of the process and judgment aforesaid, in the same Court of Common Pleas remaining, to wit, at said Taunton, an authenticated transcript whereof is here in Court produced, fully appears ; which judgment yet remains irt full force, unreversed, or in any manner annulled or satisfied. And the said Level Maxwell further avers that, prior to the twentieth day of January, in the year of our Lord one thousand eight hundred and two, at Taunton aforesaid, the copartnership of the said James Chace Co. was dissolved, and at the time of the.dissolution thereof, the right and interest in the said note or memorandum^ and whatever might be due thereon, became the property of the said James Chace alone; all which the said Level Maxwell is ready to verify. Wherefore he prays .judgment, if the plaintiffs their action aforesaid shall have and maintain.
To this plea the plaintiffs demurred, and assigned for causes of demurrer—1. That the said Level has not in his said plea averred that the transaction set forth in his said plea happened [* 112 ] or took * place within the county of Bristol, in the commonwealth of Massachusetts; therefore the same are not within the jurisdiction of this Court.
2. Because it does not appear by said plea that the said James Chace, Walker, and Eddy, or either of them, ever had notice of the several actions aforesaid in said plea set forth, or either of them.
3. Because it does not appear by said plea what the said statute or law is, which is mentioned as a statute in said plea; nor by what law or authority the said Court of Common Pleas, in said Bristol county, in said state of Rhode Island, gave the said judgment de scribed in said plea.
*85 4. Because it appears by said plea that the actions and judgment mentioned in said plea were brought, had and rendered against the said James Chace only, and not against all the plaintiffs in this action mentioned.
5. Because the defendant in his said plea has not mentioned and stated how the property in said note, mentioned and described in the writ and declaration of the plaintiffs, became the property of the said James Chace, as mentioned in the defendant’s said plea; but has in his said plea alleged, as a fact, that which is not true in fact.
6. Because the said plea is uncertain, multifarious, inconsistent, contradictory and informal.
And lastly, Because the allegations in said plea are made without authority, and without any law of any state, kingdom, republic, or nation, to support, warrant, or justify the same.
The defendants joined in demurrer.
While the present action was pending in the Court of Common Pleas in this county, the said James Chace died; his death was entered on the record there, and that Court admitted Sally Chace, the administratrix of his estate, to come in, and, with the surviving plaintiffs, to take upon herself the prosecution of the suit; and the case came up *to this Court in the names of the [*113] said administratrix, and of Walker and Eddy, as plaintiffs. This Court said the administratrix was improperly admitted, that the action must be prosecuted by the survivors only; and directed the record to be amended by striking out the name of the administratrix.
The whole Court (Strong, Sedgwick, Sewall, and Thacher, justices) were of opinion that the plea in bar, for the third cause of demurrer assigned, was insufficient and bad; (1) they said that the plea ought to set forth the statute of Rhode Island, that the Court might see whether the proceedings stated in the plea were authorized by the statute of that state or not; the proceedings stated in the plea being of a particular and peculiar kind, so very diverse from proceedings known at common law; (that law which might be considered as common to both states, and regulating the usual and ordinary proceedings of the courts of justice in that state as well as this;) the Court ought to have the statute shown to them; and the general allegation, that those proceedings were pursuant to the statute of Rhode Island, in such case made and provided, was not sufficient. The counsel for the defendant moved for leave to amend the plea.
B. Whitman, for the plaintiff,
objected to the amendment. He said that, by a rule of this Court, after demurrer joined and argued, the Court never permitted an amendment; but if the Court should think that in such cases they might in their discretion permit an amendment, they would never grant it, except for the purpose of doing substantial justice; that it was obvious from the pleadings, the justice and equity of this case was with the plaintiffs; the defendant himself had negotiated the note to Cole-, on which the action was brought in the state of Rhode Island, and was, therefore, the agent in procuring that process against himself, [ * 114 ] * on which he now relies to bar the demand of the plaintiffs in the present action ; that circumstance, he said, afforded pretty strong evidence that the suit in Rhode Island was brought by the collusion of the defendant and Cole; the plea does not allege any notice of the suit in Rhode Island to either of the partners; in the second process in that state the debt is described as due to Chace alone, which in the answer in the first action there is described as due to the partnership. In the common cases of taking the personal property of a tenant in common, and selling the same on an execution, all that can be taken and sold is the part which the judgment-debtor owns; and the vendee acquires that part only, and becomes tenant in common with the other owners ; but a chose in action cannot be taken and disposed of in that Way ; nor is there any mode by which one joint promisee can transfer his right to a chose in action so as to put his assignee in his place, and make such assignee a joint promisee. Had Cole, therefore, in his suit against Chace, attached the goods of the partners, he could not on his judgment and execution have disposed of the whole, but only of the share in them which Chace might have owned, and the vendee would have become tenant in common of the goods so sold, with the other partners. He concluded by saying that no amendment which the defendant could make, could avail him, because the law would never permit a debt due to three persons who are partners, to be taken by this process of foreign attachment, and holden to satisfy the separate debt of one of the partners; which was the case disclosed by the defendant’s plea; and was in fact the case upon which the defendant must ultimately rely, whatever amendment he might otherwise make in his pleadings.
L. Wheaton, in reply, said the defendant could prove [ * 115 ] notice of the suits in Rhode Island to have * been given to the parties; and, therefore, by inserting the proper averment in a new plea, one objection would be obviated; as to the collusion suggested by the counsel for the plaintiff, the Court would not presume fraud; if the judgment in Rhode Island were fraudu *87 lently obtained, the plaintiff might have replied it. Respecting the operation of the judgment upon the debt due to the partnership, he would make no observations ; as he did not conceive it proper, under the motion for an amendment, to go into the merits of the case at large. (Sedgwick, J. Is it possible that the mere voluntary declaration of Maxivell and Lyon, that the debt had become the property of Chace alone, and upon which the judgment of the court in Rhode Island condemning the debt due to Chace &f Co., for the sole debt of Chace, seems to have been founded, can possibly bind Walker and Eddy, who were neither parties nor privies to that judgment ; even admitting that the judgment in Rhode Island is to be considered as having the force and effect of a domestic judgment ? I clearly think not.) Wheaton said, if the debt could not be so holden upon a process here, under our own law of foreign attachment, the judgment in Rhode Island ought not to avail the defendant. Bridgham, for the defendant, contended that the judgment in Rhode Island, so long as it remained in force, was binding on Maxwell and Lyon; they were obliged to appear and answer to the first process in Rhode Island, as they had done; they could not avoid it; and they are compellable to satisfy the judgment which was rendered against them on the second process; if the defendant is not allowed to amend, he must unavoidably be holden to pay the amount of the note declared on, a second time.
The defendant had leave to amend on payment of costs.
B. Whitman and Ellis for the plaintiffs. *L. Wheaton and Bridgham for the defendant. [

 See 2 East Rep. 260, Cobbett & Al. vs Lord Keith.

See ante, p. 96, Holbrook vs. Pratt, where an amendment of the declaration after joinder in demurrer was refused. The pleadings have been given at length to show Che difference of proceeding in Rhode Island and in Massachusetts upon a process of foreign attachment.