Present at this term,
{
Chief Justice *Clay.*
Judges *Saffold,*
*Ellis,* and
*Crenshaw,*

————

Mary Tindal, Administratrix of James Tindal, *against* Henry Bright.

*June,* 1823.

IN the Circuit Court of *Washington* County, *Henry Bright* declared in Debt against *James M. Tindal,* on a writing obligatory, " sealed with his seal," &c. delivered, and payable to plaintiff and " one *Elias Coolidge,* since deceas- " ed, by the names of Messrs. *Coolidge* and *Bright.*" The writing obligatory was set out on oyer as follows :

" Dolls. 3947$\frac{98}{100}$.        *St. Stephens,* 24*th Nov.* 1818.

" Nine months after date we promise jointly and several- " ly to pay Messrs. *Coolidge* and *Bright* or order three " thousand nine hundred and forty-seven $\frac{98}{100}$ dollars, for va- " lue received.

" In witness whereof we have hereunto set our hands and " seals." Subscribed *William L. Thomas, Thomas Hoff- man,* (with lines drawn by a pen across this name and the seal annexed,) *Samuel A. D. Hoffman, J. M. Tindal, H. Bright,* and a scroll by way of seal annexed to each name.

The defendant plead,
1st, Non est factum.—2nd, That he signed and sealed said

1, Plea of non est factum admissible on affidavit, stating special facts, from which the truth of the plea is to be inferred.
2, Action at law not sustainable on a bill single payable to a firm of which one of the obligors is a partner.
3, Defendant may plead *non est factum* and a special plea, that the name and seal of one of the obligors have been cancelled without his consent.

writing obligatory, and delivered the same to one *William L. Thomas* as an Escrow, to be delivered as the deed of said defendant only on the condition and event that one *George Buchannan* would, after he said signed, execute the same writing obligatory as a co-obligor or co-security therein ; and that otherwise the said Bond should not be delivered as his deed, but should be null and void ; and the said defendant avers that the said *George Buchannan* never did execute the said writing as a co-obligor, &c.—3d plea, That the said sum in the declaration mentioned has been paid to said plaintiff by *William L. Thomas* and *Samuel A. D. Hoffman, Coolidge*, &c.—4th plea, That the said plaintiff signed, sealed, and executed said writing obligatory as a co-obligor therein by the name and signature of *H. Bright*, which, &c.—5th plea, That since the sealing and executing of said writing by said defendant, the name and seal of one *Thomas Hoffman* subscribed, &c. thereto as the act and deed of the said *Thomas Hoffman*, as a co-obligor, was erased and cancelled by the said plaintiff, without the knowledge and consent of said defendant, which he is ready to verify, and therefore " not the defendant's deed,"—wherefore, &c.

To the pleas were appended affidavits as follows :
" The defendant maketh oath that the instrument where-
" on this action is brought, was signed under this express con-
" dition and understanding between the plaintiff and himself,
" that it was to be considered valid as his act and deed only
" on the event that *George Buchannan* should execute the
" same as a co-obligor or co-security ; otherwise the same
" was to be considered as a nullity, and returned to the de-
" fendant to be destroyed, which event did not happen ;
" whereupon the writing is not his deed."
Second affidavit.
" The defendant, *James M. Tindal*, maketh oath that the
" name of *Thomas Hoffman* was erased from the bond in
" this case without the knowledge or consent of the said
" defendant, and after his signature had been thereto placed."

Both affidavits subscribed by defendant, and certified, &c.
The plaintiff demurred specially to all the pleas, and assigned as causes of demurrer,
As to 1st plea—That there is no affidavit of its truth.
As to 2d plea—That it appears that *William M. Thomas* is a co-obligor, and therefore could not have received the writing as an Escrow. That it does not appear from the plea who was to have procured the signature of said *George Buchannan* to the writing obligatory, or that the defendant

was not the cause of said *Buchannan's* not executing the same—That the plea concludes with a verification, when it should have concluded to the country.

As to the 3d plea—That it does not allege that said *William L. Thomas* and *Samuel D. Hoffman* paid to the said *Henry Bright* the money, &c. before the commencement of this action, or exhibiting on file the declaration, &c.

The Circuit Court sustained the demurrer to the 1st, 3d, 4th, and 5th pleas, and overruled the demurrer to the second plea. Afterwards, by leave, there was replication and issue to the second plea, and verdict and judgment for the plaintiff. The defendant sued out a writ of Error to this Court, and having afterwards departed this life, the writ of Error was revived by *Mary Tindal* his administratrix.

The points presented by the assignments of Errors, and decided, appear in the

Opinion of the Court delivered by the Chief Justice.

It was assigned as cause of demurrer to the first plea, that there was no affidavit of its truth.

At common law an affidavit to a plea of non est factum was not necessary. Much inconvenience, unnecessary delay and injustice, resulted from the facility of throwing on the plaintiff the burthen of proving the sealing and delivery of the bond declared on. Hence, in this as in most of the other States, Statutes have been enacted requiring an affidavit of the truth of such a plea. The language of our Statute is, " that no plea of non est factum shall be admitted " to be pleaded, but when accompanied with an affidavit of " its truth." (Laws Ala. 454, sec. 33.)

It restricts the exercise of a right to which the party was entitled at common law. Can the judicial power extend this restriction beyond the express words of the Statute? We think not : the Statute requires that the plea shall be accompanied with an affidavit of its truth, but does not prescribe the form and manner in which the matter shall be set forth, or that the affidavit shall be general or special. As affected by the Statute, it certainly cannot be important whether the party swears generally that his plea is true, or swears to facts, from which its truth must necessarily be inferred. When an affidavit is to shew the grounds of any order, &c. moved for, it is generally most proper that it should state the facts specially, and leave it to the Court to draw the proper conclusion. In some cases the party's affidavit, merely stating his conclusion, would be insufficient. It is certainly more safe, both as to the conscience of the defendant and the rights of the plaintiff, to state the facts spe-

14

JUNE, 1823.

Mary Tindal,
Admx. of James
Tindal,
v.
Henry Bright.

cially. The affidavits here accompanying the plea of *non est factum*, state that the bond was signed by the defendant (*Tindal*) under the express condition and understanding between the plaintiff and himself, that *George Buchannan* should execute it as a co-obligor or co-security, otherwise it was to be considered as a nullity and returned to the defendant to be destroyed, which event did not happen; "*whereupon*" the writing is not his deed. That the name of *Thomas Hoffman* was erased from the bond without the knowledge or consent of the defendant, and after his signature had been thereto placed.

The first affidavit shows that the writing never became his deed in legal contemplation. The second states that the name of a co-obligor was erased without defendant's knowledge or consent, and his conclusion thereupon that the writing is not his deed. This was a material alteration, to his prejudice, and destructive to the validity of the paper.

Independent of the statement of his conclusion, we believe that from the facts stated in either affidavit, the truth of the plea is necessarily to be inferred, and that the Circuit Court erred in sustaining the demurrer to the first plea.

As to the 4th plea—That the plaintiff, *Henry Bright*, sealed and executed the bond as a co-obligor. It has long been settled that a discharge of such contract by one co-obligor operates equally for the others, and that a release to one operates as a release to all. We believe it to be a principle equally reasonable and sound, that if a security of this nature, by indorsement or otherwise, comes into the hands and becomes the property of one of several co-obligors, all right of action in a Court of law is thereby extinguished. There can be but one satisfaction of such contract; and it would seem absurd to suppose that the security may become the property of one bound to discharge it, and yet remain in legal presumption undischarged. In the case of *Moffatt and others* against *Millingin*, (2 Bos. and Pull. 124, in notes) Justice *Buller* says, "the promise was made jointly with one "of the plaintiffs. How can he sue himself in a Court of "law," and gave judgment for the defendant. That case is precisely analogous to the present, except in the grade of the contract. The reason applies with as much force in the present case. The same doctrine is recognized in the case of *Manwaring* against *Newman*. 2 Bos and Pull. 120, 125. In that case, *Brandon* made a promissory note to himself, *Newman*, and *Chatteras*. The case of *Moffatt* against *Mullingin* was cited by the Chief Justice in giving his opinion, and said to be "unanswerable."

We are of opinion that the Court below erred in sustaining the demurrer to the 4th plea.

As to the 5th plea—The causes assigned for demurrer are —that it amounts to the general issue, and that it concludes with a verification when it should have concluded to the country. The Act of Assembly provides, " that the defend- "ant in any cause may plead as many several matters as he " may judge necessary to his defence : provided he be not " permitted to plead and demur to the whole." He may plead as many *several* matters as *he may judge necessary.* The only restriction which the Legislature have imposed on the exercise of this right, or which the Court can impose, (if the plea discloses substantial matter of defence,) is, that he shall not be admitted to plead and demur to the whole. A party might in many instances be restrained from pleading to the same action several special matters in bar, and substantial justice be obstructed, but for the aid of the Statute. It is remedial, and should receive such construction as will effect the purpose of its enactment. There is sometimes much difference of opinion among pleaders by profession as to the form of pleading, which will certainly embrace a parti- cular matter of defence, expected to be proved. We can see no valid objection to a party's pleading several pleas, va- rying in terms, so that the facts proved in whatever aspect they may be presented, may go to sustain the matter of de- fence as averred in some one of the pleas. The 5th plea in this case avers matter, which, if true, is a good bar to the action ; and though it would perhaps have been sufficient to sustain the plea of non est factum, it gave to the plaintiff in the Court below more particular notice of the nature of the evidence to be offered against him, and he could not proper- ly object to it. As to this plea concluding with a verifica- tion, it affirms a fact in bar of the action, which, in the pro- ceedings in the cause is here stated for the first time, and therefore should not have concluded to the country. For these reasons we are of opinion that the Circuit Court err- ed in sustaining the demurrer to the 5th plea.

There are other points presented by the assignment which it is not necessary to the determination of the case that we should now consider. We have directed our attention to those which seem most fully to affect the merits of the case.

Let the judgment of the Circuit Court be reversed, and judgment be rendered here overruling the several demurrers which we have noticed.

Judge *Lipscomb* having presided on the trial below, gave no opinion.

*Kelly* and *Hutchisson* for Plaintiff, cited,
As to 1st plea.—1 Mass. 104. 10th Mass. 203. 3 John. 140.

As to 2d plea.—1 Chitty's P. 257, 307, &c. 243.
As to 4th plea.—2 Bos. and P. 120—125.
As to 5th plea.—1 Chitty, 449. Tidd. 599, 600.

*Crawford* and *Hitchcock*, counsel for defendant in Error, were both absent during the term. At the next term they presented a petition, praying that the judgment should be set aside, and the cause reinstated, stating that they and the members of the bar in the Circuit from which this case came, had generally signed an agreement to continue their cases in the Supreme Court at *June* term, 1823. That Mr. *Ruffin* (counsel for *Tindal* in the Circuit Court,) and Mr. *Gaines* signed the agreement. Mr. *Gaines* informed Mr. *Crawford* that *H. Toulmin*, Esq. and himself were of counsel for plaintiff in Error in this case. That Mr. *T.* would not attend at *June*, 1823, and that this case would be continued by the agreement. (Mr. *Gaines* died before *June*, 1823.) Messrs. *Kelly* and *Hutchisson* did not practice in the first Circuit, and appear to have been uninformed of the agreement.

The petition referred to the dates of the affidavits to prove that they did not accompany the pleas.—To prove that a deed cannot be delivered to a co-obliger as an Escrow, cited 5 Cra. 351—3. Har. and B's Co. L. 36. 6 Mod. 207. 2 Mass. 447.

As to the conclusion with verification, Esp. R. 221. 2 Chy. P. 462. As to the 4th plea—A joint and several bond, though void as to one obligor, is good as to the others. 2 Bos. and P. 338. The cases to which the Court referred in their opinion are on *joint bonds*. The 5th plea is bad on special demurrer. 8 Cra. 31.

*Mary Tindal*, as appears by affidavits filed, did not obtain administration until after *June* 1823. Judgment of preceding terms will be set aside when there were no parties. 4 Hen. and Mun. 440.

The petition for reconsideration was continued till July Term 1826, when, in the case of *Johnson* against *Ramsey*, the Court decided the point presented by the demurrer to the 4th plea in conformity to the opinion in this case, and the petition was thereupon withdrawn.