SARAH D. PALFREY *vs.* PORTLAND, SACO AND PORTSMOUTH RAILROAD COMPANY.

No action lies on a promise by a railroad company to pay to the widow of one who was killed by an accident on their railroad a certain sum of money, in consideration of her forbearance to sue them for damages.

TORT. The declaration alleged that the defendants were a corporation owning a railroad in the State of Maine; that, on the 12th of September 1851, George W. Palfrey was employed to run an express train thereon; that at about the time when said train was to reach the town of Eliot, the defendants caused a portion of their track in said town to be removed, without giving notice to the persons on the train, by signal or otherwise; that in consequence thereof the engine and some of the cars were thrown from the track, and Palfrey killed; that the

plaintiff was his wife; and the defendants, in consideration of the premises, and of her forbearance to sue them, promised to pay to her the sum of fifty dollars a month during her life; that said payments were made until September 1855, since when the defendants have refused to make further payments to her.

In the superior court, *Wilkinson*, J. sustained a demurrer to the declaration, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*J. B. Robb*, for the plaintiff.

*G. M. Browne*, for the defendants.

METCALF, J. It was decided in *Carey* v. *Berkshire Railroad*, 1 Cush. 475, that an action like this cannot be maintained at common law; that the death of a human being is not, by that law, the ground of an action for damages. And so it has since been decided by the courts of Louisiana, Kentucky, Ohio and Connecticut. *Hubgh* v. *N. Orleans & Carrollton Railroad*, 6 Louis. Ann. R. 495. *Eden* v. *Lexington & Frankfort Railroad*, 14 B. Monr. 204. *Worley* v. *Cincinnati, Hamilton & Dayton Railroad*, 1 Handy, 481. *Connecticut Mut. Life Ins. Co.* v. *N. York & N. Haven Railroad*, 25 Conn. 265. The declaration in the present case, therefore, sets forth no cause of action recognized by any law of this commonwealth. We have no statute that would authorize this action, even if the injury complained of had been done by a railroad company incorporated by our legislature. And we may rightly assume that the common law of Maine — formerly a part of this state — is the same as our own. Indeed, the plaintiff's counsel does not attempt to maintain the action on any law of Massachusetts, but admits, in his brief, that " the right of the plaintiff to sue depends on the law of the State of Maine." Hence, on the established rules of pleading, it would seem that the omission to aver, in the declaration, that the law of Maine gives the plaintiff a remedy against the defendants for the alleged cause of action, is a sufficient reason for sustaining the demurrer. Foreign laws are facts of which courts do not take notice until they are proved; and it is everywhere laid down as a rule that they must be pleaded. We have not been referred to any precedent, nor have we found any, in which this

rule has been applied to a declaration; (no case having been found in which the declaration was on a claim enforceable only by a foreign law;) yet we can perceive no reason why the rule is less applicable to a declaration than to a plea in bar, to which plea the rule is applied with much strictness. *Walker* v. *Maxwell*, 1 Mass. 104. *Collett* v. *Lord Keith*, 2 East, 260. *Benham* v. *Earl of Mornington*, cited in 2 Saund. Pl. & Ev. 56, 57. *Hempstead* v. *Reed*, 6 Conn. 486 *Peck* v. *Hibbard*, 26 Verm. 706. And it should doubtless be applied to a defendant's answer, which is substituted, by our statutes, for a plea in bar.

The plaintiff's counsel has not suggested that there is any law of Maine on which this action can be supported. His argument is, that it is for the defendants to show that there is no such law; that the court cannot say, without evidence, that there is not. But these positions have no foundation in the law of evidence.

The demurrer admits that the defendants, in consideration of the matter alleged in the declaration and the plaintiff's forbearance to sue them, promised to pay her, &c. But it is a very ancient rule of law, that a promise to pay money, in consideration of forbearance to sue, when there is no legal cause of action, is without consideration and void. *Toley & Windham's case*, 2 Leon. 105. *Hammon* v. *Roll*, March, 202. Chit. Con. (7th Amer. ed.) 35.    *Demurrer sustained.*