HIRAM M. THOMAS vs. THE GRAND TRUNK RAILWAY COM-
PANY, of Canada.

*Pleading—Foreign Statute—Judicial Notice.*

It is a general rule of law that whenever a foreign statute is relied upon
it must be pleaded, and this court will not take judicial notice of the laws
of our sister states or of a foreign country.   It is not enough to allege a
violation of such a law and to state because of the violation so alleged that
certain proceedings were instituted—that certain goods were seized, etc.—
without setting out the statute, in order that the court may see whether or
not said proceedings were warranted.

(*March 21, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Anthony Higgins* for plaintiff.

*Lewis C. Vandegrift* for defendant.

Superior Court, New Castle County, February Term, 1899.

ACTION of trespass on the case (No. 9, November Term,
1897), Demurrer.   See facts in opinion of court.

BOYCE, J :—There are two counts in the declaration which
allege in effect a failure by the defendant to deliver at Toronto a
carload of peaches received by it as a common carrier.

To the declaration numerous pleas have been filed; on the
first three of which issue has been joined.   The plaintiff has
demurred to the remaining pleas and the defendant has joined in
demurrer.   All the pleas, except the first three, are by way of
special traverse with the usual *abseque hoc.*   By these pleas the
defendant seeks to show that the plaintiff has no right of action
because of the special averments therein.

The eighteenth plea, being the principal plea, is in the fol-
lowing form :

" 18.   And the said defendant for a further plea to the said
second count of the said declaration in this behalf says that the said
plaintiff ought not to have or maintain his aforesaid action thereof
against it, because it says that the goods and chattels in the said

second count of the said declaration mentioned after the delivery thereof to the defendant and after the receipt thereof by the defendant, in manner and form as in said second count mentioned, to wit, on August 30th, A. D. 1893, and before the said goods and chattels were or could have been safely and securely carried and conveyed by the said defendant to the said City of Toronto, and safely and securely delivered for said plaintiff at the said City of Toronto, were through no fault or act of the said defendant and against its will, seized and taken from the possession, care and custody of the defendant, to wit, at Niagara Falls, in the Province of Ontario, in the Dominion of Canada, by the customs officials of the Dominion of Canada for a violation by the said plaintiff of the laws of the Dominion of Canada, the violation of said laws being effected by the representation by said plaintiff upon the bill of lading or shipping receipt accompanying said goods and chattels that he was shipping six hundred baskets or packages of peaches from the United States into the Dominion of Canada, whereas in fact he was shipping seven hundred baskets or packages or upwards. That upon said seizure being made as aforesaid for said violation, the plaintiff was then and there immediately notified by the defendant and the said goods and chattels after said seizure and after the plaintiff had notice thereof, were thereupon, against the will of the defendant, sold by the said customs officials under process issued in that behalf upon and pursuant to the said seizure made as aforesaid for said violation of said laws. Without this that the said defendant so carelessly and negligently conducted itself with respect to said goods and chattels, that by and through the negligence and improper conduct of the said defendant and its servants in that behalf the said goods and chattels became and were wholly lost to the said plaintiff. And this the said defendant is ready to verify, &c.''

The other pleas contain a variation of the allegations in the plea which we have cited, some of them averring that it was for an alleged violation ; others not averring notice to the plaintiff of the seizure, and others averring seizure by reason of the unlawful act of the consignee, etc.

The contention of the defendant is that the demurrers admit the allegations that said goods were seized by the customs officials of Canada for the violation by the plaintiff of the customs laws of the Dominion of Canada as well as that there was a violation of law and seizure and sale therefor, and notice thereof to the plaintiff, where averred, in the several pleas. It is further contended that the facts so alleged in the several pleas being admitted by the demurrers, there is no liability on the part of the defendant, because the goods having been so seized and sold as by said pleas alleged, and notice of the seizure, without collusion of the defendant, having been given to the plaintiff before the sale, the defendant is relieved from its contract for the delivery of the goods received by it from the plaintiff.

As to the effect of the demurrers, the rule is that a demurrer admits all such matters of fact as are sufficiently pleaded, and unless the matter of fact be not pleaded in a formal and sufficient manner, a demurrer in such case is no admission of the fact pleaded.

The plaintiff contends that these pleas are insufficient in many respects, and particularly in that it does not appear by said pleas, or either of them, what the law of the Dominion of Canada is, nor by what authority, if any, the customs officials made the seizure and sale of the goods averred in said pleas, and he contends that it is essential to constitute said pleas sufficient in law that the law of the Dominion of Canada, being a foreign law, should be pleaded with sufficient particularity, before the court will take notice thereof.

In the case of *Palfrey vs. Portland etc. R. R. Co.*, *4 Allen* (*Mass.*), *56*, the court said : " Foreign laws are facts of which courts do not take notice until they are proved ; and it is everywhere laid down as a rule that they must be pleaded ;" and cites *Walker vs. Maxwell*, *1 Mass.*, *104 ; Collett vs. Lord Keith*, *2 East.*, *260 ; Benham vs. Earl of Mornington*, *cited in 2 Sanders*, *Pl. & Ev.*, *56–57 ; Hempstead vs. Reed*, *6 Conn.*, *486 ; Peck vs. Hibbard*, *26 Vt.*, *706*.

In the case of *Walker vs. Maxwell, supra*, the court said : " The plea ought to set forth the statute of Rhode Island, that

the court might see whether the proceedings stated in the plea were authorized by the statute of that state or not,　＊　＊　＊ the court ought to have the statute shown to them ; and the general allegation, that those proceedings were pursuant to the statute of Rhode Island, in such case made and provided, was not sufficient."

It is laid down by Mr. Chitty that the courts do not, *ex officio*, take notice of foreign laws, and consequently they must in general be stated in pleading.

It is a general rule of law that whenever a foreign statute is relied upon it must be pleaded, and this court will not take judicial notice of the laws of our sister states or of a foreign country. It is not enough to allege a violation of such a law and to state because of the violation so alleged that certain proceedings were instituted, as in this case that the goods were seized, etc., without setting out the statute, in order that the court may see whether the proceedings were warranted or not.

We do not deem it necessary at this stage of the case to enumerate those excuses in law which relieve a common carrier from liability for the non delivery of goods committed to its custody for transportation and delivery ; nor to pass upon the other questions presented by counsel in their argument, which may very properly be considered when the case shall come on for trial.

The demurrers are sustained.