*Hartford,*
November,
1815.

Kingsbury
*v.*
Clark.

---

### BARTSCH *against* ATWATER and others.

THIS was an action of *indebitatus assumpsit*. The declaration contained two counts. The first was general, stating that on the 11th of *August* 1810, the defendants and one *Norton*, since deceased, became indebted to the plaintiff in the sum of 2000 dollars for goods sold and delivered in the city of *New-York* on a credit of six months. The second count stated more particularly, that on the 11th of *August* 1810, the defendants and *Norton* being owners of three fourths of the schooner *Grace-Ann Green*, and being then about to load her for a *European* voyage, with a cargo to be purchased in *New-York* on credit, agreed with *E.* and *A. Townsend*, that they, as the agents of the defendants and *Norton*, should give their notes for it to the persons of whom it might be purchased, and the defendants and *Norton* would furnish funds to meet the payment of such notes ; that the defendants and *Norton* accordingly purchased of the plaintiff. a quantity of spices, of the value of 1963 dollars, at six months credit, for which *E.* and *A. Townsend* gave the plaintiff was entitled to recover. But whether the same principle would be adopted with respect to a similar transaction arising in this state, was left undecided.

Where a promissory note of a third person payable at a future day was taken in the state of *New-York* for goods there sold and delivered, and a receipt in full given by the seller, and before such note fell due the maker became bankrupt ; it was held, in an action against the purchaser for the original demand, that the

plaintiff their note, payable to him or order in six months; that these spices constituted part of the cargo of the *Grace-Ann Green*, and were bought on the joint account of the defendants and *Norton*; that *E.* and *A. Townsend* became utter bankrupts before their note to the plaintiff was payable, and have never paid any part thereof; and that in consequence of their bankruptcy, the defendants and *Norton* did not place funds in their hands to meet their note, and the same has never been paid.

The cause was tried on the general issue, at *New-Haven, August* term 1815, before *Edmond, Smith* and *Goddard,* Js.

The case, as it appeared from the evidence on the trial, was as follows. The spices mentioned in the plaintiff's declaration constituted a part of the cargo of the *Grace-Ann Green,* and were purchased by the defendants, or some of them, on an agreement that the note of *E.* and *A. Townsend,* payable in six months, should be given to the seller at the time of delivery, and that *Atwater* and *Daggett,* two of the defendants, should place funds in the hands of *E.* and *A. Townsend* to meet the note when it should fall due, and indemnify them against it; and that the other defendants should severally furnish their respective proportions of the note to *Atwater* and *Daggett* for that purpose. The note was given accordingly; and at that time *E.* and *A. Townsend* were considered as solvent, and in good credit. The plaintiff when he received the note, gave them a writing in these words: " Received, *New-York,* 14th *August* 1810, of *E.* and *A. Townsend* their note of the 11th instant, at six months, for 1963 dollars, balance in full for four boxes of spices sold Capt. *D. Green,* amounting to that sum exclusive of debenture that I retain. *E. G. Bartsch.*" The plaintiff made no demand upon the defendants for payment of this claim until some time in the month of *August* 1811. In the month of *January* 1811, before the note fell due, *E.* and *A. Townsend* failed, and became utter bankrupts. The defendants, by reason of their failure, did not place funds in their hands for the payment of the note, except the sum of 118 dollars, being the balance which remained in their hands of funds placed there for the payment of other notes given for the same cargo; and on the 14th of *February* 1811, the sum of 1845 dollars remained due from the defendants, or some of them, to complete the payment for the cargo. At the

*Hartford,*
November,
1815.

Bartsch
*v.*
Atwater.

time of the failure of *E.* and *A. Townsend,* they were justly indebted to some of the defendants in their private and individual capacity to a greater amount than the demand in question, for which they have never received either payment or security, and have no prospect of obtaining any.

One ground of defence taken by the defendants was, that they were not jointly concerned in purchasing the cargo, and did not incur a joint liability. They claimed, that the contract for the spices was made by *D. Green,* one of the defendants, on his individual account, to furnish his own several share, and that in this transaction he was in no respect the agent of the other defendants, and had no authority to make a contract which would be obligatory on them. On this point the court charged the jury, that if they should find the facts, as claimed by the defendants, they must find a verdict in the defendants' favour. But if they should find that all the defendants were jointly liable originally, it was the opinion of the court upon the other facts in the case which were not controverted, that the plaintiff was entitled to recover of the defendants the sum remaining unpaid at the time when the note fell due, being 1846 dollars, with interest. The jury found a verdict for the plaintiff accordingly; and the defendants moved for a new trial on the ground of a misdirection. This motion was reserved for the consideration and advice of the nine Judges.

*N. Smith* and *T. S. Williams,* in support of the motion, contended that the note of *E.* and *A. Townsend* having been received by the plaintiff in satisfaction of the goods at the time of sale and delivery, must be deemed *payment.* It has been uniformly decided in *England* until within a short period, that the giving of a note for goods purchased at the time, is payment; and this too without any thing to shew the intention of the parties but the nature of the transaction. *Clark* v. *Mundall,* 1 *Salk.* 124. S. C. 12 *Mod.* 203. *Bank of England* v. *Newman, Bull. N. P.* 277. S. C. 12 *Mod.* 241. *Anon.* 12 *Mod.* 408. *pl.* 694. *Anon.* 12 *Mod.* 517. *pl.* 866. The first case apparently of a different complexion is *Puckford* v. *Maxwell,* 6 *Term Rep.* 52. decided in 1794; but there the bill was given *for an antecedent debt,* and of course the decision was perfectly consistent with the former cases. *Owenson* v. *Morse,* 7 *Term Rep.* 64. which occurred

*Hartford,*
*November,*
*1815.*

Bartsch
*v.*
Atwater.

soon afterwards, (in 1796,) was an action of trover against the seller, and the case turned partly upon the defendant's right of stopping the goods *in transitu,* and partly upon the fact that the notes were worth nothing *at the time.* The case of *Stedman* v. *Gooch,* 1 *Esp.* 5. at *Nisi Prius,* only determines, that if the bill is of no value *at the time,* as if drawn on a person who has no effects of the drawer's in his hands, he may treat it as waste paper, and resort to his original demand. The later decisions, founded on extrajudicial opinions thrown out in the cases cited, are not to be considered, in opposition to all the old authorities, as conclusive evidence of the common law.

The same remark is applicable to the decisions in the state of *New-York.* In *Roget* v. *Merritt & al.* 2 *Caines* 117. and *Markle* v. *Hatfield,* 2 *Johns.* 455. the notes were of no value *at the time they were offered.* In *Tobey* v. *Barber,* 5 *Johns.* 68. and *Putnam* v. *Lewis,* 8 *Johns.* 389. the notes were given *for a precedent debt.* In *Johnson* v. *Weed & al.* 9 *Johns.* 310. the plaintiff was entitled to recover upon the *special contract* between the parties. These cases are very distinguishable from the present; and any opinions given in them which can affect the present case must be extrajudicial.

In *Massachusetts* it has long been settled, that a negotiable note given in consideration of a simple contract debt, is a discharge of it. *Thatcher & al.* v. *Dinsmore,* 5 *Mass. Rep.* 299. 302. And the reason of the decision is unanswerable; for if the original cause of action were not discharged, the debtor might be obliged to pay the money twice; once to the original creditor, and once to an indorsee of the note ignorant of the consideration. In *Ellis* v. *Wild,* 6 *Mass. Rep.* 321. it was decided, that if the seller of goods receives promissory notes in payment, and those notes are afterwards discovered to be *forged,* yet if the purchaser was ignorant of that fact, the seller cannot afterwards resort to him for payment of the goods.

In this state, the position for which we contend has been established by the highest judicial authority. In *Anderson* v. *Henshaw,* 2 *Day's Ca.* 272. the defendants gave a bill in satisfaction of a book-debt; this bill being protested, the defendants took it up, and gave another bill for the amount; and it was held in an action for the original demand, that no evidence was admissible to shew that the latter bill was

unproductive. According to this decision, the court, in the present case, ought not to have admitted evidence to shew that *E.* and *A. Townsend's* note to the plaintiff was unpaid, or they should have told the jury that the fact was immaterial.

*Hartford,*
November,
1815.

*Bartsch*
*v.*
Atwater.

Further, the plaintiff has acknowledged by the receipt which he gave, that the note in question was accepted by him *as payment.* There has been an agreement between the parties, evidenced by a writing under the hand of the plaintiff, that this note should be *" in full"* for the goods.

If it be said, that according to the decisions in the state of *New-York,* a receipt is not conclusive, but is open to examination; it may be answered, in the first place, that in our courts the decisions have been otherwise; (*Carter* v. *Bellamy, Kirby* 291. *Herd* v. *Bissell,* 1 *Root,* 260. *Palmer* v. *Corbin,* 1 *Root,* 271. *Fuller* v. *Burrel,* 2 *Root,* 296.) and as this is a question of *evidence,* the law of this state must govern. Secondly, admitting that this writing may be explained, yet if it be considered in the light of parol evidence only, it is sufficient to prove an agreement between the parties that the plaintiff should receive the note as payment, and make it his own. At any rate, such an agreement was claimed by the defendants, and the question whether it was proved ought to have been submitted by the court to the jury. This was a matter of fact for them to find. They might have inferred it from other circumstances, such as the plaintiff's having no account with the defendants, his long neglect to call upon them, &c. as well as from the terms of the receipt.

*Daggett* and *Sherman,* contra, remarked in the first place, that as the defendants had received the goods, and had neither placed funds in the hands of *E.* and *A. Townsend* to pay for them, nor disbursed any thing for them in any other way, the justice of the case is clearly with the plaintiff; and the court will not grant a new trial on technical grounds.

It is contended, that although the defendants have disbursed nothing, and the plaintiff has received nothing of value, yet there has been a technical payment. This would be a novelty in mercantile law. The plaintiff sold the goods to the defendants, and took the note of *E.* and *A. Townsend,* not as payment, but as an arrangement through which he was to get his money. He did not intend to buy a note.

Where goods are bought, and a note given, the giving of such note is no payment, unless there is an express agreement between the parties that the note shall be at the risk of the taker, or the circumstances of the transaction are such as to imply an agreement to that effect. There is some confusion in the old cases on this subject; but the position just laid down is fully supported by modern decisions. In *Puckford* v. *Maxwell,* 6 *Term Rep.* 52. the decision does not turn on the circumstance of a precedent debt, but on the broad ground of justice; *that the bill is not that which it purports to be, and which the party receiving it expects it to be.* *Owenson* v. *Morse,* 7 *Term Rep.* 64. is placed upon the same ground. These authorities have since been recognized repeatedly, by judges and common-place writers. Indeed, there cannot be a doubt as to the *English* law at present on the subject.

Nor has a different doctrine been established by our own courts. The case of *Anderson* v. *Henshaw,* 2 *Day's Ca.* 272. turned on the fact, that the bill of one partner was taken long after the dissolution of the partnership, by which the joint security of both was waived.

But the transaction in question took place in the state of *New-York,* and the laws of that state must govern it. The cases there, are numerous and explicit in the plaintiff's favour. *Roget* v. *Merritt & al.* 2 *Caines* 117. *Tobey* v. *Barber,* 5 *Johns.* 68. *Putnam* v. *Lewis,* 8 *Johns.* 389. *Johnson* v. *Weed & al.* 9 *Johns.* 310. Nor is the plaintiff's claim prejudiced by the receipt which he gave. *Schemerhorn & al.* v. *Loines & al.* 7 *Johns.* 311. The following cases also establish the point that a receipt in full is not conclusive, but may be explained by parol. *Ensign* v. *Webster,* 1 *Johns. Ca.* 145. *House* v. *Low,* 2 *Johns.* 378. *M'Kinstry* v. *Pearsall,* 3 *Johns.* 319. and *Tobey* v. *Barber, Putnam* v. *Lewis,* and *Johnson* v. *Weed, ut supra.*

In a more general point of view the plaintiff is entitled to recover. If the defendants had placed property in the hands of *E.* and *A. Townsend* to pay the debt to the plaintiff, their assignees could not hold that property; but the plaintiff would be entitled to it, and he might recover it from the holders. *Scott* v. *Surman, Willes* 400. *Tooke* v. *Hollingworth,* 5 *Term Rep.* 215, 226. But the defendants are not to stand on more favourable ground for having neglected to

fulfil their engagement. They are now trustees for the plaintiff of the funds destined for the payment of the note ; and are liable on the general count in the declaration.

Further, *E.* and *A. Townsend* acted in this transaction as the mere agents of the defendants, buying goods of the plaintiff for them ; and therefore, a recovery may be had against them. *Kymer & al.* v. *Suwercropp*, 1 *Camp.* 109. *Schemerhorn & al.* v. *Loines & al.* 7 *Johns.* 311.

SWIFT, Ch. J. The question is, whether the plaintiff's receiving the note of *E.* and *A. Townsend* discharged the original right of action against the defendants for the goods sold and delivered. On this subject there have been contradictory decisions in different countries. In the case of *Anderson* v. *Henshaw*, 2 *Day's Ca.* 27. the principle was adopted, that where a bill was received in full of an antecedent debt, it discharged the original demand, and that no action could be maintained upon it, though the bill turned out to be unproductive, and there was no proof of an agreement to take the bill at the risk of the plaintiff. In the case of *Ellis* v. *Wild*, 6 *Mass. Rep.* 321. a similar question arose, and it was there determined, if *A.* sells merchandize to *B.*, and agrees to receive certain promissory notes in payment, if the notes are afterwards discovered to be forged, and *B.* was ignorant of the fact, *A.* cannot afterwards resort to *B.* for the merchandize ; otherwise if the original bargain was for cash, and the notes were received by the vendor as an accommodation to the vendee. Here the principle is adopted, that if the notes were received in payment, the original contract is discharged, though they were of no value, and the plaintiff did not receive them at his risk. If the authority of these cases is to govern, the court should have charged the jury, that if they found the note from the *Townsends* was received in payment for the spices, their verdict must be for the defendants ; otherwise for the plaintiff.

A different doctrine seems to have been adopted in *England.* In *Puckford* v. *Maxwell*, 6 *Term Rep.* 52. Lord *Kenyon* says, if the bill which is given in payment does not turn out to be productive, it is not that which it purports to be, and which the party receiving it expects it to be ; and therefore, he may consider it as a nullity, and act as if no such bill had been given at all. In *Owenson* v. *Morse*,

*Hartford,* November, 1815.

Bartsch *v.* Atwater.

*7 Term Rep.* 66. he says, " If the defendant had agreed to take the notes as payment, and to run the risk of their being paid, that would have been considered as payment, whether the notes had, or had not, been afterwards paid." By these cases it appears not only to be essential that the notes should be received in payment, but that the party receiving them should agree to risk their being paid ; otherwise the original right of action is not discharged if the notes prove unproductive. The principle adopted in these cases would warrant the charge of the court ; for it does not appear that there was an agreement that the plaintiff should risk the ability of the *Townsends* to pay their note.

The same doctrine has been recognized in the state of *New-York ;* and it seems there to have been determined, when notes are taken and a receipt in full is given, yet it is to be understood they are in full when paid, and if not productive they do not discharge the original contract, unless there was an absolute agreement to risk their being paid. *Tobey* v. *Barber*, 5 *Johns.* 68. *Putnam* v. *Lewis*, 8 *Johns.* 389. These authorities would warrant the decision of the court ; and as this transaction took place in the state of *New-York* where these authorities are binding, they are conclusive in the present case. Without considering, then, what principle ought to be adopted in a similar case arising in this state, I am of opinion, that a new trial ought not to granted, on the authority of the decisions in the state of *New-York*, which, being the law of the place, must govern this transaction.

In this opinion the other Judges severally concurred.

New trial not to be granted.