The cause stood over for advisement, and at this term the opinion of the Court was delivered by
Parker, C. J.
It seems to be an undisputed doctrine with respect to personal contracts, that the law of the place where they are made shall govern in their construction ; except when made with a view to performance in some other country, and then the law of such country is to prevail. This is nothing more than common sense and sound justice, adopting the probable intent of the parties as to the rule of construction. For, when a citizen of this country enters into a contract in another, with a citizen or subject thereof, and the contract is intended to be there performed, it is reasonable to presume that both parties had regard to the law of the place where they were, and that the contract was shaped accordingly. And it is also to be presumed, when the contract is to be executed in any other country than that in which it is made, that the parties take into their consideration the law of such foreign. country. This latter branch of the rule, if not so obviously founded upon the intention of the parties as the former, is equally well settled as a principle in the law of contracts.
This general rule applies, however, only to the construction of contracts ; although it has been held, in some cases decided in England as well as in this country, as a necessary inference from the rule, or at least as an independent principle equally essential in the law of contracts, that, whatever amounts to a legal discharge of a contract in *27 the country where it is made, shall operate as a discharge everywhere ; unless it is manifest, from the contract itself, that it is to be executed jn another country.
This rule must, however, from its very nature, be qualified and restrained ; for it cannot be admitted, as a principle of law or justice, that, when a valid personal contract *is made, which follows the person of the creditor, and may be enforced in any foreign jurisdiction, that mode of discharge manifestly partial or unjust, and tending to deprive a foreign creditor of his debt, while he is excluded from a participation with the domestic creditors in the effects of the debtor, should have force in any country, to the prejudice of their own citizens. The comity of nations does not require it, and the fair principles of a contract would be violated by it.
Thus, if a citizen of this State, being in a foreign country, should, for a valuable consideration, receive a promise to pay money, or to perform any other valuable engagement, from a subject of that country ; and the law should provide for a discharge from all debts upon surrender of effects, without any notice which could by possibility reach creditors out of the country where such a law should exist; we apprehend that the contract ought to be enforced here, notwithstanding a discharge obtained under such law. For, although the creditor is to be presumed to know the laws of the place where he obtains his contract, yet that presumption is founded upon another; which is, that those laws are not palpably partial and unjust, and calculated' to protect the creditors at home at the expense of those who are abroad Such laws would come within the well known exception to the rules of comity, namely, that the laws, which are to be admitted in the tribunals of a country where they are not made, are not to be injurious to the state, or the citizens of the state, where they are so received.
Upon these principles we have considered the law of Jamaica, upon which the defence in the case at bar is founded ; and we are satisfied, that, admitting the legal effect of the drawing of this bill by the defendant, payable in JVew York, to be a contract by him to pay m Jamaica, if it should be dishonored ; yet, as it was a contract made wnh a citizen of this country, it cannot be discharged here under that law. For, on examination of the law, it appears that only thirty days’ notice of the process, by * which die discharge was obtained, was required to be given, before the debtor might be finally discharged by the judge ; and that no creditor could share in the distribution of the debtor’s effects, unless his claim was presented and proved there within a month from that discharge ; a time, which would not allow creditors living here any opportunity to object to the discharge of the debtor, or to obtain any satisfaction of any part of their debts, under the commission of insolvency.
*28 If this law was intended to operate upon creditors without the jurisdiction of the island, it is manifestly partial and contrary to fair dealing; and no people could hold intercourse with a government which recognized such principles, or with its subjects, without insist ing upon immediate payment for any article sold them, or being obliged to maintain an agent there, to watch the movements of those to whom they may have been obliged to give credit.
• But we think it very clear, that the law was not intended to operate beyond the jurisdiction of the government where it was made, and that it has no respect at all to such debts as may be due to persons living in foreign countries.
Besides the circumstances, before mentioned, of the shortness of time allowed the creditors to object to the process, or to present their claims, it appears, that the principal object of the Act was, to relieve persons who were imprisoned for debt; and, although the provision seems to be general, that debtors imprisoned shall be released from their debts, a fair construction of the Act would seem to limit its operation to those debts for which the debtor was actually imprisoned. It is very similar to an Act of our own, (6) by which insolvent debtors may be liberated from prison as to the debt for which they were placed there ; although all other debts remain in force against them as before.
But, whether this be a true construction of the Act or not, it being a temporary provision, continuing in * existence for three years only, and predicated upon the inconvenience of keeping persons in confinement for debt, we think it may be inferred, that it was intended to reach those debts only which existed within the jurisdiction, or those, the payment of which should be sought for there ; and not to foreign tribunals, where the creditor may be seeking his remedy according to the tenor and effect of his contract. If it should be necessary to enforce a judgment obtained here in the courts of Jamaica, they must settle the question there as to the law of the place where the contract was made ; but there is no necessity, from any acknowledged principles of municipal or public law, to intercept the creditor from his judgment here on the contract.
A discharge, under a.general system of bankrupt law of any country, which should contain fair and equal provisions for all creditors, would be entitled to much more consideration than these partial and temporary insolvent laws, which are made for the immediate relief of the debtor, probably without a view to any creditors who are not at hand to take advantage of the provisions made for their benefit.

Defendant defaulted.

[Boston Type & Stereotype Foundery vs. Wallack, 8 Pick. 186. — Braynard vs. Marshall, 8 Pick 194. — Ed.]

 Stat. 1787, c. 29.