Stone v. Tibbetts.

DAVID S. STONE versus ALPHEUS TIBBETTS & trustee.

A contract made in Massachusetts between resident citizens thereof, during the time the insolvent law of that State of April 23, 1838, was in force, and there to be performed, is discharged in that State, and no suit can be further prosecuted thereon, if the debtor, by a course of proceedings in due form of law, obtains his certificate of discharge, and pleads the same in bar of an action on such contract.

The discharge of a contract in the State where the parties resided, and where it was made and to be performed, is a discharge thereof in every other State.

THE parties agreed, that the action should be determined upon a statement of facts.

The plaintiff and defendant are citizens of Massachusetts, and were so at the time of the commencement of this suit. The action was for labor done and materials furnished, to the alleged amount, $1090,94, in that State, after the passage of the insolvent law of Massachusetts in 1838. The writ was dated Oct. 17, 1844, and was served upon Joseph Tibbetts, as trustee, on Oct. 18, 1844, he then being, and still continuing to be an inhabitant of this State.

At the June Term, 1845, in the District Court, the trustee made a disclosure wherein he admitted that he had in his hands effects to the amount of $102, belonging to the principal, and also that in December, 1844, he had been notified of the assignment of the debt by the principal to A. C. Spooner under the insolvent law of Massachusetts. The principal defendant made an assignment of this debt to Spooner, and was discharged under the insolvent laws of Massachusetts. That act is evidence in the case. Spooner, the assignee, appeared in Court and claimed the property in the hands of the alleged trustee. Alpheus Tibbetts, the defendant, appears in Court and

pleads his discharge under the insolvent laws of Massachusetts.

If the Court shall be of opinion, that said discharge of Alpheus Tibbetts is a bar to this action, it is to be dismissed; if the suit can be maintained, the parties are to go to trial, to ascertain the amount due; and if the attachment vacated the assignment, and said Spooner, the assignee, is not entitled to the property in the hands of the trustee, judgment is to be rendered against him to the amount of said sum of one hundred and two dollars.

*C. S. & E. H. Daveis* argued for the defendant and the assignee. After remarking that Spooner, the assignee, appeared and was admitted as a party to the suit under Rev. St. c. 119, § 35, 37, and filed his claim, as assignee, to the property in the hands of the trustee, they said that the insolvent law of Massachusetts passed the property in the hands of Joseph Tibbetts to the assignee, notwithstanding the trustee process. The assignment operates in that State to cut off attachments in such cases. *Bigelow* v. *Pritchard,* 21 Pick 169. The parties being both citizens of Massachusetts, and the contract having been entered into there, their rights are to be determined by the laws of that State; and the subject of the attachment here, being a chose in action, passes by the assignment. 11 Pick. 25; 16 Pick. 235; 5 Mason, 174.

The discharge of the defendant under the insolvent law of Massachusetts, under the circumstances disclosed in this case, is a bar to this action. *Baker* v. *Wheaton,* 5 Mass. R. 509; *Blanchard* v. *Russell,* 13 Mass. R. 1; *Hall* v. *Williams,* 6 Pick. 243; *Bradford* v. *Farrand,* 13 Mass. R. 18; *Walsh* v. *Farrand,* 13 Mass. R. 19; *Betts* v. *Bailey,* 12 Pick. 572; *Watson* v. *Bourne,* 10 Mass. R. 337; *Braynard* v. *Marshall,* 8 Pick. 194; *Towne* v. *Smith,* in the Circuit Court, *U. S.* 9 Law Rep. 12; 7 Greenl. 337.

*Fessenden, Deblois & Fessenden,* argued for the plaintiff, and advanced these, among other legal propositions.

The contract is not discharged by the insolvent act of Massa-

chusetts of 1838. *Bigelow* v. *Pritchard*, 21 Pick. 172. And the act would have been unconstitutional, if it had. 4 Wheat. 122. The contract remains unimpaired.

The *lex loci* applies only to the interpretation or validity of contracts; and a discharge under the insolvent laws of another State, of which both parties are citizens, but not impairing the contract itself, cannot affect a remedy pursued in this State. *Judd* v. *Porter*, 7 Greenl. 337.

An assignment under the insolvent laws of another country, does not operate as a legal or equitable transfer of the debts or property of the insolvent in another State, so as to prevent a creditor here from resorting to such property or debt for payment. 6 Pick. 286; 9 Mass. R. 337; 11 Mass. R. 25; 13 Mass. R. 146; *Fox* v. *Adams*, 5 Greenl. 245; Story's Conflict of Laws, c. 2, § 20.

A certificate obtained under the insolvent laws of another State, is no bar to an action on a debt, due from the insolvent in this State. 8 Pick. 186; 15 Mass. R. 419; *Towne* v. *Smith*, Law Reporter for May, 1846.

Such discharge affects the remedy merely, and has no operation in this State. *Coffin* v. *Coffin*, 16 Pick. 323.

The opinion of the Court was by

SHEPLEY J. — It appears from the agreed statement and documents, that the services were performed and the materials furnished, which are sued for in this action, since the act of the Commonwealth of Massachusetts, passed on April 23, 1838, took effect; and that the plaintiff and defendant then were, and have continued to be, resident citizens of that State.

This suit was commenced on October 17, 1844, and the defendant was discharged from the payment of such debts by proceedings in due form of law in that State, on May 21, 1845, and pleads his certificate of discharge in bar of the further prosecution of this action.

This then, was a contract, made and to be performed in that State, between resident citizens of that State. It was legally discharged in that State. *Bigelow* v. *Pritchard*, 21 Pick. 169; *Ogden* v. *Saunders*, 12 Wheat. 213.

That the discharge of a contract in the place, where the parties resided, and where it was made and to be performed, is a discharge every where, is a doctrine fully admitted in this State, and too well established to be the subject of a useful discussion.

After judgment for the defendant nothing will remain to prevent the property attached, from passing to the assignee by the act of that State and the proceedings under it.

*Plaintiff nonsuit.*