# JACKSON, APRIL TERM, 1860.

ROBERT J. McKINNEY,
ROBERT L. CARUTHERS, } *Judges.*
ARCHIBALD WRIGHT,

---

## W. P. BRADY, GAMAN et als. vs. JOHN S. McGEHEE.

CONFLICT OF LAWS—NEGOTIABLE PAPER. *Foreign Endorsee*
*Lex Loci Contractus.*

1. When a promissory note is made, in one State and is payable there, and is afterwards endorsed in another State; and by a statute of the former State, equitable defences are let in favor of the maker and against innocent endorsees in due course of trade, to the same extent that they would be available against the original payee, such a defence may be set up against the foreign endorsee. The law of the place of the original contract governs, and determines the obligation, duty and rights of the maker of the note, and is not affected by the subsequent endorsement in a foreign State.

PROMMISSORY NOTE. *Failure of Consideration, Defective Title, Fraud, Eviction, Insolvency, Rule in Mississippi.*

2. Where a note is given as security for the purchase money of real estate, and the consideration of the note has failed by reason of an incumbrance on the property of which the purchaser had no knowledge, he may resist the payment of the note on the ground of failure of consideration, although he received a deed with covenants of general warranty, entered into possession and has not been evicted; if he can show that *fraud* was practiced upon him in concealing the incumbrance, or that the vendor is *insolvent.*

This is an attachment bill filed in the Chancery side of

the Common Law and chancery Court of the city of Memphis. The indebtedness charged is upon a promissory note in these words :

"On or before the first day of January, 1857, I promise to pay James W. Jones, or order, five thousand dollars, for value received." JOHN S. McGEHEE.
Witness : CHAS. F. DANDRIDGE.

This note was indorsed by the payee to the complainants in New Orleans, La., on the 12th day of January, 1856, in consideration of their letter of credit, authorizing Jones, the endorser, to draw on them for the same account, which he did, and they paid the draft.

The consideration for this note, and another for the same amount and due at an earlier date, was 400 acres of land in Coahoma county, in the State of Mississippi, which the payee conveyed to the maker of the notes by deed with a covenant of general warranty of title, dated 24th of June, 1855. The notes were made and the deed executed in the State of Mississippi, which was the residence of both parties.

It turned out that 160 acres of the land was incumbered to the amount of about $3,700, and to another part of 160 acres Jones had no title. The incumbrance was evidenced by a lien retained in the deed by Sansford and wife to Jones for the same land, which was of record. McGehee received possession of the land, and sold it, and his vendee still holds the possession, but he has paid the note of $5,000, first due, and more than the amount of the note now sued on to clear the incumbrances and perfect his title ; and it is very clearly proven that Jones was, at the time the in-

cumbrance and defect of title were discovered insolvent. And we think it is also proven that Jones fraudulently suppressed the truth as to the condition of his title to the land. McGehee resided in Panola county, and Jones resided upon the land, in Coahoma county. McGehee, with the witness Dandridge, went to Coahoma county to buy land; the witness does not know that McGehee examined Jones; asked McGehee if he had not better go and examine the records, and he said; that Mr. Jones' face was sufficient guarnatee on that subject.

Here a confidence is expressed in Jones and ought then to have spoken out and disclosed the condition of his title. His silence was as effectual to deceive as a suggestion of falsehood would have been, and it appears very satisfactory from the testimony of this witness that McGehee did not in fact, examine the records or see his (Jones') title, and on the contrary there is no evidence that he did see his title papers.

Now the question to be determined is whether or not this state of facts constitutes in McGehee, a good defence to the note as against these complainants.

The note was made in the State of Mississippi, and the right and liabilities of the parties must be governed by the law of that State. See Story on Conflict of Laws, (3d edition) §§ 296, 317; Story on Promissory Notes, (2d edition) 155, 168. (1)

(1) Braynard v. Marshall, 8 Pick. 194; Savage v. Marsh, 10 Met. 594; Kearny v. King, 2 Barn. and Ald. 301; Sprowle v. Legge, 1 Barn. and Cres. 16; Peck v. Hibbard, 26 Vt. 702; Donn v. Lippman, 5 Clark & Finn, 1, 12, 13; Blanchard v. Russell, 13 Mass. 1, 6; Slocum

W. P. Brady, Gamen et al. v. John S. McGehee.

The Statute of Mississippi has this provision: "All bonds, obligations, bill-single, promissory notes, and all other writings for the payment of money or any other thing, shall and may be assigned by endorsement, whether the same be made payable to the order or assigns of the obligee or payee or not. * * * * * That in all actions commenced and sued upon and such assignee's bond, obligation, bill single, promissory note or other writ-

v. Pomeroy, 6 Cranch. 221; Blake v. Williams, 6 Pick. 286, 315. That debts follow the person everywhere is also the rule of the civil law. 1 Boullenois, Obser 20, p. 348; Burgundus' Tract 2, n. 33, p. 73.

Ory v. Winter, 16 Martin,277. So as to acceptances, Lewis v. Owen, 4 Barn. & Ald. 654. But acceptances made in one place payable in another, are governed by the law of the place of payment. Cooper v. Earl of Waldegrave, 2 Beavan, 282. And so a discharge of a debt good by the law of the place where it is contracted is good everywhere. Story Confl. Laws, 331 *et seq*; 2 Kent Com. 9 Edit. 505; Bartsch v. Atwater, 1 Conn. 409; May v. Breed, 7 Cush. 15; Long v. Hammond, 40 Maine, 204; Potter v. Brown, 5 East, 124; Ogden v. Saunders, 21 Wheaton, 213; Thompson v. Ketchum, 8 John. 189; Male v. Roberts, 3 Esp. 163; Warder v. Arnell, 2 Washington Virg. 282, 293; McMillan v. McNeal,4 Wheat. 109; Leroy v. Crowninshield, 2 Mason, 161; Pugh v. Russell, 2 Blackf. 394; Searight v. Calbraith, 4 Dall. 325; Deseallis v. Harris, 8 Greenl. 298; Sherill v. Hopkins, 1 Cowen, 103, 107; Peck v. Hibbard, 26 Vt. 702; Mason v. Haile, 12 Wheaton, 360; Robinson v. Bland, 1 W. Black, 258; Blanchard v. Russell, 13 Mass. 1; Prentiss v. Savage 13 Mass. 20, 24; Smith v. Smith, 2 John. 235; McKissick v. McKissick, 6 Humph. 75. Sturges v. Crowninshield, 4 Wheaton, 122; But see Baker v. Wheaton, 5 Mass. 511; Watson v. Bourne, 10 Mass. 337, 340; Braynard v. Marshall, 8 Pick. 194.

But a discharge of a debtor under the insolvent laws of the State where the contract was made will not bar the creditor unless he has made himself a party to the proceedings under which the debtor was discharged. Story Com. Const. § 1834; 2 Kent Com. 9. Edit., 503; Story Confl. Laws § 341; Ogden v. Saunders, 12 Wheaton, 358, 369;

ing as aforesaid ; the defendants shall be allowed the benefit of all want of lawful consideration, payments, discounts, and set-offs, made, had or promised against the same previous to notice of the defendant, any law, usage or custom in any wise to the contrary notwithstanding, in the same manner as if the same had been sued and prosecuted by the obligee or payee therein.''

This statute and the construction given to it by the Judical Tribunals of the State of Mississippi to which we have been referred, change the rule of the commercial law in regard to the rights of endorsers and assignees and lets in all defences as against them which would be available to the maker against the payee. (2) But it is insisted for the complainants with much zeal and ability that McGehee could not defend against this note, if he was sued by the payee for reason that he took covenants of warranty from Jones as security for his title, and that he has not been evicted ; and until there is an eviction, he cannot resist the payment of the purchase money.

Such is the general rule of law, but it does not prevail

Poe v. Duck, 5 Md 1 ; Sturges v. Crowninshield, 4 Wheaton 122 ; Braynard v. Marshall, 8 Pick. 194 ; Clay v. Smith, 3 Peters, S. C. 411 ; Norton v. Cock, 9 Conn. 304 ; Pugh v. Russell, 2 Blackf. 394 ; Woodhull v. Wagner, Baldwin C. C. 296 ; Browne v. Stackpole, 9 N. H 478 ; Cook v. Moffat, 5 How 295 ; Larrabee v. Talbot, 5 Gill 426 ; Donnelly v. Corbett, 3 Sold. 500 ; Boyle v. Zacharie, 6 Peters 348 ; Agnew v. Platt, 15 Pick. 417 ; Woodbridge v. Allen, 12 Met. 470 ; Stone v. Tibbetts, 26 Maine 110 ; Lowne v. Smith 1 Wood & M. 115.   But this rule arises under the peculiar provision of the Constitution of the United States prohibiting States from passing laws impairing the obligation of contracts, and is wholly inapplicable to contracts and discharges in foreign countries.   Very v. McHenry, 29 Maine 214 ; Peck v. Hibbard, 26 Vt. 704.

(2) The right to make defence against a note given 'or payment of purchase, on the ground of failure of title, exists against the note in the hands of any assignee of it.   Chaplain v. Briscol, 2 Sm. & M. 372.

when the vendor is guilty of a fraud in the sale, or is insolvent, and both exist in this case. It is urged that McGehee could not have been defrauded, because the title of Jones, the vendor, was of record, and he is presumed to have notice of its character, and that the incumbrance, and defects of the title, could be seen by an inspection of the records. This presumption arises where there is no evidence that the party did not inspect the record, and in the absence of positive fraud or concealment, which we find to exist in this case. (3)

In the court below, there was a reference to the clerk and Master, who reported that McGehee had paid to clear the land of incumbrances and to perfect the title, more than the amount due on the note, and there were no exceptions to the report, and thereupon the chancellor dismissed the bill. We think he did right, and affirm the decree.

Judges Caruthers and McKinney concurred in the result announced in the foregoing opinion.

*Decree Affirmed.*

(3) In the case of Wailes v. Cooper, et al., 24 Miss. Rep. 233, Mr. Justice Yerger, in delivering the opinion of the Court, said: "It would be iniquitions to permit an insolvent vendor to recover the purchase money for land sold with a defective and encumbered title, whether the purchaser has been evicted or not, or knew at the time of his purchase of the existing defects and incumbrances."

And see Parham v. Randolph, 4 How. Miss. R. 435; English v. Benedict, 25 Miss. R. 167; and the same doctrine admitted in Heath v. Newman, 2 Sm. & M. 201, and Deimis v. Heath, Ib. 206.