OTTO W. CZIRR, Appellant, *v.* BYRON B. LOWREY, Respondent.

Fourth Department, November 9, 1926.

**Motor vehicles — action for damages suffered when defendant ran his automobile into plaintiff from rear — plaintiff was walking on street — trial — excessive verdict — plaintiff, a flanger, lost two-thirds of use of fingers of right hand and was otherwise bruised and injured about head and body — verdict for $2,250 not excessive — error to set aside verdict on refusal of plaintiff to stipulate for verdict of $1,000.**

In an action to recover for damages suffered by the plaintiff, who, while walking on the street, was struck by plaintiff's automobile from the rear, a verdict of $2,250 was not excessive, since it appears that the plaintiff, who is a flanger and who in his work is required to use hammers, lost two-thirds of the use of the

fingers of his right hand, and was otherwise bruised and injured about the head and body.

Accordingly, it was error for the court to set aside the verdict on the refusal of the plaintiff to stipulate for a verdict of $1,000.

CROUCH, J., dissents.

APPEAL by the plaintiff, Otto W. Czirr, from an order of the Supreme Court, made at the Oswego Trial Term and entered in the office of the clerk of the county of Oswego on the 8th day of June, 1925, setting aside and vacating the verdict of the jury for $2,250 and granting a new trial upon the ground that the verdict was excessive, unless the plaintiff should stipulate to reduce the amount of the verdict to $1,000.

*Charles N. Bulger* [*Clayton I. Miller* of counsel], for the appellant.

*Bond, Schoeneck & King* [*Edward L. Robertson* of counsel], for the respondent.

PER CURIAM. Plaintiff had a verdict at the Trial Term for $2,250 damages resulting from personal injuries he received when defendant ran him down with his automobile on a public street in the city of Oswego. Defendant has died since the trial.

The questions of defendant's negligence and plaintiff's freedom from contributory negligence were resolved by the jury in favor of plaintiff and on sufficient evidence.

The trial justice, on motion of defendant, set aside the verdict and granted a new trial on the ground that the verdict was excessive, unless the plaintiff stipulated to reduce the verdict to $1,000. Plaintiff refused to make such stipulation.

The uncontradicted evidence showed that when plaintiff was struck by defendant's automobile he was walking in a public street in the city of Oswego, and defendant driving his automobile ran into him from the rear, knocking him to the pavement. His head was cut, various parts of his body were bruised, three teeth were loosened, one of which the physician pulled with his fingers, and his right hand was cut and bruised.

Plaintiff was a flanger at the time and in his work was obliged to use his right hand in taking hold of hammers used in his business.

Two physicians on the part of plaintiff testified that there was a thickening over the bones of the right hand, that it affected the clutch of the hand, the gripping power, and that the condition would be permanent, and that there was about a two-thirds loss of power of the fingers of the right hand. One of the physicians testified that it would be almost impossible for plaintiff to employ sufficient strength to do any work with the right hand which required the opening and shutting, or holding with, his fingers.

Defendant offered no medical evidence.

There is nothing to indicate that the verdict was the result of passion or prejudice.

We are reluctant to interfere with the discretion of a trial justice on a motion to set aside a verdict, but in view of the facts disclosed by the record here, we are of the opinion that the verdict should have been allowed to remain at the figure stated by the jury. They had a right to fix the damages. They·saw the witnesses. The extent of plaintiff's injuries was not disputed, and there is nothing in the record to indicate that the verdict was based upon any consideration excepting the evidence in the case. Under the circumstances the verdict for $2,250 damages cannot be deemed excessive (*Duke* v. *Fargo*, 172 App. Div. 746) and no special reason appearing why the jury should not dispose of this plain question of fact, their verdict should not be set aside. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189.)

The order should be reversed, with costs, and the verdict reinstated.

All concur, except CROUCH, J., who dissents and votes for affirmance. Present — CLARK, DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Order reversed on the facts, with costs, and verdict reinstated, with costs.