WILLIAM HOGAN, an Infant, by His Guardian ad Litem, EDWARD HOGAN, Respondent, v. JOHN A. FRANKEN, JR., Appellant.

Third Department, July 1, 1927.

**Negligence — trial — setting aside verdict for $200 for injury to ankle on ground of inadequacy, was error.**

It was error for the court to set aside a verdict for $200 in favor of the plaintiff, on the ground of inadequacy, in this action to recover for injuries of a temporary character suffered by the plaintiff to his ankle. While the Appellate

Division will not ordinarily interfere with the discretion of the trial court in setting aside a verdict, nevertheless it is apparent that the finding of the jury is justified by the evidence in this case, and that the only difference between the trial justice and the jury is that of two reasonable minds arriving at different conclusions on undisputed facts. The judgment of the court should not be substituted for that of the jury. The verdict is reinstated.

COCHRANE, P. J., and VAN KIRK, J., dissent.

APPEAL by the defendant, John A. Franken, Jr., from an order of the Supreme Court, made at the Schenectady Trial Term and entered in the office of the clerk of the county of Schenectady on the 8th day of March, 1927, setting aside the verdict of a jury for $200 on the ground of inadequacy.

*Robert H. Woody* [*Arthur S. Golden* of counsel], for the appellant.

*Ernest P. Lyons* [*A. F. Jenks* of counsel], for the respondent.

HINMAN, J. The order appealed from sets aside the verdict of a jury on the ground that it is inadequate. There is no complaint that the issues were not fairly presented to the jury or that the questions of fact and of damages were not fairly submitted by the charge of the learned trial court. In fact, the charge was unusually clear and explicit on the measure of damages to be applied.

There is here no question of the power of the trial court to set aside the verdict of a jury as against the weight of the evidence. Such discretionary power has long been recognized and its exercise, when justified by the evidence, is often approved. (*Boos* v. *Field,* 192 App. Div. 696; *O'Keeffe* v. *O'Keeffe,* 208 id. 750; *Colbourn* v. *N. Y. Central R. R. Co.,* 214 id. 807; *Birenbaum* v. *Rogers Silver Co.,* 215 id. 88.) The exercise of this power rests in sound judicial discretion, based on a careful consideration of the evidence.

Such an application is addressed, however, to the Supreme Court; and the Appellate Division is as much a part of the Supreme Court as the trial justice to whom the application is originally made. Whether the appellate court will exercise its jurisdiction to review such an exercise of discretion in the court below is another matter. Appeals in mere matters of discretion are not encouraged by the Appellate Division. It rarely interferes and then only where the discretion seems to have been abused, or where there is a plain case of its unwise exercise.

If on careful examination of all the evidence it appears that the trial court acted hastily or unwisely, the appellate court will in the exercise of its undoubted discretion, correct the mistake in the interest of justice. There is no rule that the decision at the Trial Term is conclusive, although, as we have said, it will ordinarily be given great consideration for the reason that the trial justice, like the jury, has seen and heard the witnesses and has been in the

atmosphere of the trial. When an appeal is taken from such an order, this court will review the evidence for the purpose of determining whether or not the court below is justified in interfering with the verdict. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189; appeal dismissed, 236 N. Y. 542; *McNally* v. *Oakwood*, 210 App. Div. 612; affd., 240 N. Y. 600; *Czirr* v. *Lowrey*, 218 App. Div. 202; *Lockport Growers Co-op. Assn.* v. *McAuley*, Id. 807; *Leversee* v. *Neidermyer*, 219 id. 214; *Markiewicz* v. *Thompson*, 220 id. 311.)

For example, in the recent case of *Leversee* v. *Neidermyer* (*supra*) we thought there was a plain case of unwise exercise of discretion by the trial justice. The plaintiff's whole story, as it might have appeared to the jury, so discredited his claim as to the continuance and severity of his pain and suffering and loss of earnings as to make the question one significantly for the jury, based upon his credibility alone. We thought that the verdict of the jury was fairly warranted by the evidence of the plaintiff himself and was not the product of passion, prejudice, corruption or a misconception of the facts and should not have been set aside on the ground of inadequacy. We reversed the order and reinstated the verdict.

In the instant case the learned trial justice thought that the plaintiff's recovery of $200 is inadequate. According to his opinion he based his conclusion entirely upon an injury to the plaintiff's ankle. There was no conflict in medical testimony as to his injury. No permanent injury was involved. The damages were, for pain and suffering alone. The plaintiff was a minor and could not recover for the expense of medical care nor for loss of earnings. The jury could reasonably infer from the undisputed testimony that the injury was not very serious and would not cause prolonged or serious pain and suffering, even though it might take considerable time before the swelling in the ankle would entirely disappear.

The fixing of unliquidated damages is primarily for the jury. The sole question here is as to the inference to be drawn from undisputed medical evidence as to the extent of injury, and the facts from which these inferences are to be drawn are contained in the record before us. It would seem that in such a case the discretion of the appellate court may be as freely exercised as that of the trial court. Moreover in such a case the mere fact that the trial or appellate court may think that the jury drew the wrong inference from such undisputed evidence in assessing the damages would not warrant the setting aside of the verdict as against the weight of the evidence in case the inference adopted by the jury was a fair and reasonable one. We think that this is a case where the difference between the trial justice and the jury is that of two reasonable minds arriving at different conclusions, where the facts

are undisputed and reasonable minds could draw different inferences therefrom. Unless the judgment of the court is to be substituted for that of the jury upon this plain question of fact, the verdict of the jury should be permitted to stand.

The order should be reversed on the facts, with costs, the verdict reinstated, and judgment ordered thereon, with costs.

McCANN and DAVIS, JJ., concur; COCHRANE, P. J., and VAN KIRK, J., dissent.

Order reversed on the facts, with costs, the verdict reinstated and judgment ordered thereon, with costs.