HON. SAMUEL AMES, CHIEF JUSTICE.
HON. ALFRED BOSWORTH, JUSTICE.

## COUNTY OF NEWPORT, AUGUST TERM, 1857.

---

ABNER L. WESTGATE & RUSSELL G. PECKHAM *v.* ABRAHAM HEALY.

Where a discharge under the insolvent law of another state is pleaded to a contract sued here, the statute under which the discharge is granted must be set forth in the plea, and cannot be referred to merely by its title and chapter in the digest.

A note payable to A. L. W. *or* to R. G. P. is, at least, evidence of a joint contract with both the payees, if not of a several contract with each of them; and so, both are entitled to sue jointly thereon.

ASSUMPSIT on a promissory note made by the defendant, in the following words:—

$20.00.                "FALL RIVER, Jan. 27, 1857.

For value received, I promise to pay A. L. Westgate *or* R. G. Peckham or order twenty dollars on demand with interest.

(Signed)                ABRAHAM HEALY."

The action was brought in the joint names of Westgate and Peckham, and the declaration described the former as of Fall River, in the county of Bristol, and commonwealth of Massachusetts, and the latter as of Tiverton, in the county of Newport, and state of Rhode Island.

To the action, the defendant filed the general issue, and a special plea in bar setting forth his discharge under the state bankrupt or insolvent act of Massachusetts, his certificate bearing date April 30th, 1842; but in his plea did not set forth the statute of Massachusetts under which this discharge was obtained, but merely referred to it in his plea as " passed April 23, 1838, being chapter 163, of the laws of Massachusetts for the year 1838, duly enacted by the authority of the legislature thereof." He also averred in his plea that the plaintiffs at the date of the note sued, were doing business in Fall River, Mass., and *that one of them,* to wit, Westgate, was at that time and ever since a resident of that place.

To this plea the plaintiffs demurred, alleging as grounds of demurrer—

1st. That the statutes of Massachusetts were not set forth in the plea, so that the court might see whether the discharge pleaded was warranted by them.

2d. That the discharge was not substantially set out in the plea.

3d. That the plea concedes that *one* only of the plaintiffs was a resident of Massachusetts, and is therefore no sufficient answer to the plaintiffs declaration ; and

4th. That the plea refers to papers annexed thereto, when in fact no papers have been or are annexed to the same.

The defendant joined in demurrer ; and the case having been heard at the November term, 1856, of the court of common pleas for the county of Newport, where it was pending, the demurrer to the special plea was sustained and judgment rendered for the plaintiffs.

The case, having been brought to this court by the statute proceedings in the nature of a writ of error, was shortly argued by *Sheffield,* for the plaintiffs,. and by *Lapham,* for the defendant.

Russell v. Buckley.

AMES, C. J. As the court cannot take judicial notice of the statute law of Massachusetts, authorizing the discharge of a contract in a mode unknown to the common law, it should have been set forth in the plea, as any other material fact necessary to the defence pleaded. The argument of the counsel for the defendant, that a copy of the revised statutes of Massachusetts would be good proof of what the law of that state was at the time of their publication, and therefore that a reference to it by chapter is sufficient, confounds the rule of evidence with that of pleading. The plea was clearly deficient in the above particular, and for that reason was properly overruled by the court below. 1 Chit. Pl. (12th Am. ed.) 216, and n. 2, and cases cited; and *Peck* v. *Hubbard*, 26 Vt. 698; *Hampstead* v. *Reed*, 6 Conn. 486; and see remarks of Curtis, J., in *Betton* v. *Valentine*, 1 Curtis's C. C. R. 170. · As this objection disposes of the special plea, it is unnecessary to consider the other grounds of demurrer which have been relied upon in the argument.

The execution of the note being admitted, judgment was properly rendered for the plaintiffs under the general issue; the note,—though made payable to one or the other of the plaintiffs, —being evidence, at least, of a joint contract with both of them, and so, both being *entitled* to sue jointly thereon. 1 Chit. Pl. (12th Am. ed.) 8 *a*, & 9, and n. 1, to p. 9, and cases therein cited.

The judgment below is therefore affirmed with costs.